IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HENDRICKS & LEWIS, PLLC,**
**A Washington Professional**
**Limited Liability Company,**

    Plaintiff,

vs.                                         Case No. 4:10mc55-SPM/WCS

**GEORGE CLINTON,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This case is before me upon referral from Senior United States District Judge Stephan Mickle, doc. 40, and the denial of the Defendant's motion to stay, doc. 35. The issue to be resolved here is whether Defendant has timely claimed two exemptions to the writ of garnishment. Doc. 40. Pending is Plaintiff's amended application for issuance of writ of execution. Doc. 33.

**Procedural Status**

This case was initiated nearly a year ago, one August 16, 2010, when Plaintiff registered a foreign judgment. Doc. 1. Judgment was entered in the United States District Court for the Western District of Washington on August 3, 2010, against

Defendant George Clinton in the amount of $1,675,639.82, with interest.  Doc. 1, p. 3.  Plaintiff then filed a motion for writ of garnishment, doc. 2, and the Garnishee, Farmers and Merchants Bank, filed an answer listing two bank accounts.  Doc. 9.  A motion for default was filed by Plaintiff on November 12, 2010, asserting that Defendant Clinton failed to file any paper in this action, doc. 12, and the Clerk entered default on November 16, 2010.  Doc. 13.  Thereafter, Plaintiff filed a motion for entry of final judgment in garnishment, doc. 14, and Defendant was directed to respond by December 6, 2010.  Doc. 15.  On that deadline, a notice of appearance was filed, doc. 16, Defendant's answer was filed, doc. 17, and a motion for extension of time to file a reply, doc. 18.  The motion was granted and Defendant given until December 13th to respond to the motion for default judgment, but the order made clear that it did "not extend any other deadline or excuse any prior failure to take any action required by law or the court's rules."  Doc. 20.

Although the docket reflects that document 17 is Defendant's Answer, doc. 17, the document is actually titled, "Notice of filing of claim of exemption and request for hearing in response to Plaintiff's motion for default judgment."  Attached to the notice was a claim of exemption which lists "social security benefits" and another exemption for "two-member limited liability company, The C Kunspyruhzy, LLC."  Doc. 17-1, p. 2.  The date on which Plaintiff signed that document is December 4, 2010.  *Id.*, at 3.

Defendant filed a response to the motion for default judgment on December 13, 2010.  Doc. 21.  Defendant asserted that he never received the writ which was mailed to him at the Hendrix Road address in Tallahassee, and that "Defendant has reacted to the default when discovered and engaged counsel to oppose the garnishment of

exempted funds and unrelated corporate funds." Doc. 21, p. 2.  Defendant request that default be lifted on the basis that it was not willful or culpable.  *Id.*  Attached to the response was an affidavit of the Defendant asserting that he had "been touring throughout the United States" in the past few months and never received a copy of the motion for writ of garnishment and to his knowledge, was never served with such a document.[1]  Doc. 21-1, p. 1.  On January 21, 2011, Judge Mickle granted Defendant's motion, doc. 21, and set aside the clerk's default, doc. 13.  Doc. 25.  The order accepted Defendant's claim of exemption, doc. 17, as filed, and gave Plaintiff until February 1, 2011, to respond, which Plaintiff has done.  Doc. 26.

Plaintiff filed an application for writ of execution, doc. 29, and Defendant responded.  Doc. 31.  Plaintiff then filed an amended application for writ of execution, doc. 33, to which no response was filed.[2]  That application is pending before the Court, as is a ruling on the validity of Defendant's claimed exemptions.

---

[1] In the affidavit, however, Defendant acknowledges first discovering the garnishment in late October, 2010, when the Bank would not allow him to withdraw money.  *Id.*, at 2.  Defendant admitted the Bank gave him "papers concerning the garnishment of money."  *Id.*  Defendant said, "I did not realize that there was anything I could do about the matter because I was aware that the Plaintiff has a large judgment against me."  *Id.*  Defendant stated that he became aware of the court's order setting his response deadline to the motion for default judgment on December 1, 2010.  *Id.*

[2] Defendant filed a motion to stay this case, on February 18, 2011, which has been denied by the order referring this case to me.  Doc. 40.  I note that Defendant's motion to stay, doc. 35, claimed that a prior action was pending in the Central District of California concerning collection issues.  Doc. 35.  The motion indicated the terms of settlement would be decided by the California court on March 15, 2011, following a February hearing.  Doc. 35, p. 2.  Nothing has been filed in this case by the parties indicating the result of that settlement; however, Plaintiff's amended opposition to the motion to stay advised that the California case was not filed prior to this case and that, more importantly, it is a "limited action requesting assignment of certain royalty streams" and is independent from this proceeding.  Doc. 37.

As a matter of clarification, the order[3] which set aside the default concluded that Defendant had shown good cause to be relieved of the entry of default because Defendant failed "to receive service."  Doc. 25, p. 2.  Relieving the Defendant of the default judgment does not necessarily mean that the claimed exemptions are valid or were timely raised such that the bank account should not be garnished.[4]

**Legal Analysis**

This court must look to Florida law in reviewing an application for writ of garnishment, a claim of exemption, and an application for writ of execution.  Chapter 77 of the Florida Statutes prescribes the relevant procedures for issuance and enforcement of writs of garnishment.  Under FLA. STAT. § 77.041(2), a plaintiff "must mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the "Notice to Defendant" to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later."  The plaintiff "shall file in the proceeding a certificate of such service."  *Id.*  After service of the garnishee's answer on the plaintiff, the "plaintiff shall serve, by mail," a copy of the garnishee's answer, and a notice advising the recipient that he must move to dissolve the write of garnishment within 20 days after the date indicated on the certificate of

---

[3] Judge Mickle found that Defendant had "set forth a defense that should be resolved on the merits rather than through default."  Doc. 25.  Defendant's claim of exemption and request for hearing, doc. 17, was accepted as filed.  *Id.*

[4] Plaintiff's two claims for exemption are for social security benefits and revenue of "a two-member limited liability company, The C Kunspyruhzy, LLC."  Doc. 17-1, p. 2.

service . . . ." FLA. STAT. § 77.055.  Plaintiff must serve those documents "on the defendant at the Defendant's last known address . . . ." *Id.*

Here, Plaintiff filed a certificate of service upon Defendant George Clinton on October 20, 2010, asserting Defendant was served on October 15, 2010, at his home address in Tallahassee.  Doc. 8.  After the Bank filed an answer to the writ of garnishment on October 20th, doc. 9, I entered an order that, in part, directed the Clerk to mail a copy of the order to Defendant George Clinton.  Doc. 10.  The order was mailed on October 28th to the Defendant, doc. 11, and the absence of any docket entry indicating mail was returned to the Court provides sufficient basis to presume that the order was delivered to the Defendant's home address.

On November 12, 2010, Plaintiff moved for entry of default, doc. 12, which was entered, doc. 13, and Plaintiff moved for entry of default judgment, doc. 14, on November 18, 2010.  Doc. 14.  The certificate of service provided with that motion reveals it was also served on Defendant Clinton at the Hendrix Road address in Tallahassee.  Doc. 14.  District Judge Robert Hinkle entered an order on November 22, 2010, directing Defendant to file a response by Defendant 6th.[5]  Doc. 15.  It was not until that order was entered that Defendant Clinton took any action in this case.  Docs. 15-18.

Florida law requires garnishment statutes to be strictly construed.  Gigliotti Contracting North, Inc. v. Traffic Control Products of North Florida, Inc., 788 So.2d 1013, 1016 (Fla. 2d DCA 2001); Zivitz v. Zivitz, 16 So.3d 841, 847 (Fla. 2d DCA 2009).

---

[5] The docket entry reveals that a copy of the order was mailed to the Defendant as well as to the Garnishee.  Doc.15.  Judge Hinkle subsequently recused himself from this case.  Doc. 23.

In Zivitz, the court examined Chapter 77's time requirements for claiming an exemption to a writ of garnishment, noting that § 77.041 did not provide a procedure to file an "untimely exemption claim." Upholding the principle that a court should not construe statues in a manner that would render a portion of the statute "meaningless," 16 So.2d at 847, *citing* Winn-Dixie Stores, Inc. v. Reddick, 954 So.2d 723, 728 (Fla. 1st DCA 2007), and because the claim for homestead exemption from garnishment was not filed within 20 days,[6] the Zivitz court concluded the defendant abandoned his homestead exemption claim. *Id.*, at 848.

The pleadings in this case reveal that Defendant was provided with notice of the writ of garnishment. On December 13, 2010, Defendant Clinton filed an affidavit which states, "I first discovered a problem at Farmers and Merchants Bank in Tallahassee, Florida, in approximately late October 2010. Doc. 21-1, p. 2. Defendant stated that he tried to withdraw funds, but "the bank would not let" him. *Id.* Defendant admitted the Bank gave him "papers concerning the garnishment of money . . . at that time" *Id.* Plaintiff stated that he "did not realize that there was anything [he] could do about the matter because [he] was aware that the Plaintiff has a large judgment against me." *Id.*

Furthermore, Plaintiff's response to Defendant's motion for an extension of time to respond to the motion for default judgment explains that on October 22, 2010, Plaintiff's counsel "received a call from the Defendant and his representative who state that the account was frozen and [Defendant] would be hiring a lawyer very soon to

---

[6] The notice in that case was sent to the Defendant's last known address. *Id.*, at 843. Despite service of the notice of writ of garnishment, and then a garnishment notice, the defendant took no action until service of the motion for entry of final garnishment judgment. *Id.*, at 844-845. The similarity of the facts from Zivitz should guide the decision reached in this case.

respond to the request for a writ of garnishment." Doc. 19, p. 2. The Defendant's representative called again on October 25, 2010, and October 27, 2010, "reiterating that the Defendant would be hiring a lawyer in the immediate[7] future." *Id.* Defendant knew of the existence of the writ of garnishment, but he did not act in timely fashion to preserve his rights. Accordingly, Defendant failed to timely claim an exemption from the garnishment as required by § 77.041(2), despite his receipt of the notice of garnishment in late October. Plaintiff is entitled to the writ of garnishment on Plaintiff's bank account in Tallahassee, Florida.

In light of the foregoing, it is respectfully **RECOMMENDED** that final judgment in garnishment be entered in Plaintiff's favor against the Garnishee, Farmers & Merchants Bank, in the amount of $107,196.09 (account xxxxx401) and $1,278.17 (account xxxxx901), and that the amended application for issuance of writ of execution, doc. 33, be granted.

**IN CHAMBERS** at Tallahassee, Florida, on August 9, 2011.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] Plaintiff attached to that response a list of Defendant's concert dates which revealed an event no event between October 1, 2010, and November 19, 2010. Doc. 19, p. 28. November 19-20, 2010, Defendant was on tour in San Francisco, California, and then did not perform again until December 2-4, 2010, in the Northeast. Plaintiff's argument that Defendant should have had time to respond is noted, but is not dispositive.

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**